VALENTINE & COMPANY, INC., Plaintiff, *v.* JOSEPH TARABOCCHIA and NICHOLAS SEPCICH, Defendants.

Supreme Court, Special Term, Queens County, July 20, 1939.

*Frank & Julius Zizmor*, for the plaintiff.

*Goodman & Blumberg*, for the defendant Nicholas Sepcich.

FROESSEL, J. This is a motion by Nicholas Sepcich to enjoin the plaintiff from enforcing a judgment and the execution issued thereon, to vacate, cancel and annul said judgment and execution, and for other relief. The plaintiff, one of the creditors of the defendant copartnership, recovered the judgment herein as hereinafter stated. In a separate action in which the said Nicholas Sepcich is plaintiff and his partner, Joseph Tarabocchia, is defendant, the former was appointed receiver; several motions were made therein, the determination in one of which was appealed to the Appellate Division. But there is no necessity to dwell upon the history of this phase of the litigation between the parties on the present application.

The circumstances under which the judgment herein was obtained are, to say the least, rather unusual. The summons and complaint herein were served on the defendant Tarabocchia on May 23, 1939, while he was represented by one John Buckley, who terminated his employment as attorney on May *25*, 1939, for reasons stated in his affidavit. On May 27, 1939, four days after the service of the summons and complaint, judgment was rendered in favor of the plaintiff based upon Tarabocchia's answer " admitting all the allegations in the complaint." In this answer, which is dated May *23*, 1939, the very day of the service of the summons and complaint, he appeared by attorneys other than said John Buckley. His copartner, Sepcich, was never served and claims to have had no knowledge of this action. It would appear that Tarabocchia

sought to keep this action a secret between himself and the plaintiff, and apparently he knew that he could not confess judgment unless authorized by his partner. (Partnership Law, § 20, subd. 3, ¶ [d].) Merely to have suffered a default would have required the creditor to wait sixteen additional days before it could enter judgment. To accommodate the latter, therefore, he filed an answer admitting the allegations of the complaint, and the speed with which the judgment was entered reminds one of a line in Romeo and Juliet: " They stumble that run fast," or, as Moliere puts it: " Too great haste, leads us to error."

It is undisputed that judgment was entered by the clerk. Among the various grounds assigned by this moving party as a basis for vacating this judgment he contends that the clerk had no authority to enter same, and that application should have been made to the court. With this contention I agree. (Rules Civ. Prac. rule 112.) In sections 485 and 486 of the Civil Practice Act authority is found for the entry of a *default* judgment by the clerk. But the defendant Tarabocchia, who was served here, did not default either in appearing or in pleading; he filed an answer. Whatever the contents of the answer may have been, it then became a matter for the court to pass upon, and the clerk could no longer enter judgment *by default*. Moreover, the answering defendant at the time the clerk entered judgment had an absolute right to amend within twenty days and might have withdrawn his admissions in the meantime and interposed an amended answer. The clerk could not guess that this would not be done.

Carmody, in his New York Practice (Vol. 5, § 1466), sets forth the prerequisites which must exist before the clerk may enter judgment without application to the court, and there states:

" 4. The defendant must have made default in appearing or pleading.

" * * * If any of these prerequisites is wanting, the clerk cannot enter the judgment without application to the court and a direction from the court."

And at section 1467: " The clerk is a ministerial officer. He must have before him proof of the existence of all of the prerequisites enumerated in the last section, sufficient to satisfy the requirements of the statute, before he can enter the judgment."

The language employed by STAPLETON, J., in *Bouker Contracting Co.* v. *Neale* (161 App. Div. 617 [2d Dept.]) is appropriate here: " The clerk was without power to act. * * * His act was not an irregularity; it was a nullity. It was not a mere deviation from a method authoritatively prescribed; it was nude of authority.

The judgment of the court was not pronounced by an officer author-ized to pronounce it. It was baseless and void and should have been vacated."

Aside from any other reason, therefore, this judgment and the execution issued thereon must be vacated and the motion is granted to that extent.