ERNEST E. BASCH, Plaintiff, *v.* DAVID SAFTLER, Defendant.

City Court of the City of New York, Special Term, New York County,
June 2, 1955.

*Max Steuer, Harold Steuer* and *Richard M. Michaelson* for defendant.

*Samuel B. Seitel* and *Fred Goldenberg* for plaintiff.

HARRY B. FRANK, J. This is a motion to vacate a judgment in the sum of $1,804.04, which was entered in this court on March 27, 1939, in favor of the plaintiff and against the defendant.

The defendant asserts that he interposed a notice of appearance in this action in due time and that therefore the entry of judgment without notice to him was unauthorized. Judgment was entered upon an affidavit of an attorney in the office of the then attorneys for the plaintiff which contained a recital that "the time for the defendant to appear or answer herein has expired and that said defendant has not appeared or answered herein". The defendant contends that this averment is not supportable.

The summons was served on the defendant on May 14, 1937, and was accompanied by a notice as provided by rule 46 of the Rules of Civil Practice, as follows:

To the Defendant:

Notice is hereby given to you that, upon your default to appear, or answer the within summons, judgment will be taken against you for the sum of $1,379.49 with interest from the 20th day of June, 1933; and the costs of this action.

On May 19, 1937, and within six days after service of the summons, the defendant sent by mail a letter to the then attorneys for the plaintiff which they received in due course. This letter read as follows:

Gentlemen:

I am herewith sending you my answer to summons served on me on May 14, 1937 as follows

I deny all knowledge of claim to the amount of $1379.49 by Mr. Ernest E. Basch or Atlas Plumbing Supply Co. I have no records, bills or statements of the above amount. Atlas Plumbing Supply Co. has furnished materials to job at 122 West 137th Street and all bills for said materials to job has been paid.

Yours very truly,
DAVID SAFTLER
413 Lenox Avenue, N. Y. C.

Whether such a letter as this constitutes a notice of appearance appears not to have been directly answered by controlling precedent. Although inartistic in form I think that in fact it was a notice of appearance. The defendant plainly intended it to be even more. Taking the notice which accompanied the summons as a complaint, he sought to answer it. Thus his letter took on the form of an answer, prematurely interposed. Certainly it did, except as hereinafter indicated, all that could have been effected by the service of a notice of appearance in the standardized form, a form incidentally which is not prescribed by rule or statute but has developed through usage (cf. Civ. Prac. Act, §§ 236, 237). The statement by defendant, "I am herewith sending you my answer to summons served on me on May 14, 1937" was tantamount to a declaration by him of his

appearance in the action. He duly subscribed this notice of appearance not only with his name but with his post-office address. It was not for the plaintiff's then attorneys to assume that this letter which they thus received was not a notice of appearance and ineffective for any purpose. It seems to me that they could not properly have ignored it as they did. If they were of the opinion that its sufficiency should be tested they could have moved the court for an appropriate order (cf. *Valentine & Co.* v. *Tarabocchia,* 171 Misc. 1056).

I have not overlooked *Matter of Kimball* (155 N. Y. 62). The majority of the court concluded in that case that a certain letter which the defendant wrote to the plaintiff's attorney was not adequate as a notice of appearance, among other reasons because it was '' in form an ordinary letter commencing ' Dear Sir ' and closing with the words ' Very respectfully ' '', because it was '' not entitled in any action '', because although '' verified '' the verification was '' not in the form required by the statute '', and also because the writer, although in fact the defendant, '' nowhere swears that he is the defendant in the action or the person that was required to answer the complaint '' (pp. 70–71). It is difficult to reconcile this somewhat legalistic reasoning with the now generally accepted view that formalisms necessarily yield to considerations of substance. The dissent in that case of Chief Judge PARKER, although based on another ground, appears to recognize that as the defendant '' undertook to answer in that action within the time mentioned in the summons '' (p. 73) effect should have been given to his '' answer ''. The case, which was decided in 1898, involved a North Dakota decree of divorce, and the jurisdiction of that court depended upon whether a proper notice of appearance had been interposed. I have not been able to find any other New York case in which a letter similar to that written by the defendant in the case in hand was considered.

The letter written by the defendant in the case at bar plainly identified the action to which it referred and the summons to which it was directed. It is clearly inferable from such letter that the defendant did not intend to let the case against him go by default and that he did not wish further proceedings to be taken against him unless he be given an opportunity to be heard. The letter would have had no point or purpose if the defendant did not mean by it to say just this. If the letter meant anything at all it meant no less, and it does not seem to me that the plaintiff's then attorneys could reasonably have believed otherwise. They could not, I think, have reasonably supposed that

the defendant wrote and mailed it merely as a courtesy to them. Inasmuch as when the defendant signed the letter he wrote underneath his name the address where he could be reached and where manifestly he expected to receive notice of any further proceedings, it is hard to see what more a notice of appearance in the traditional form could have accomplished, except to require plaintiff to serve a complaint.

I think, therefore, that the entry of judgment without any regard to this letter was unauthorized and that the averment by which the clerk of this court was induced to enter judgment, that the " defendant has not appeared or answered herein ", was inconsistent with the substantive fact. I do not doubt that such averment was made in good faith, by an attorney who at that time was young and inexperienced, and apparently conditioned to regard as of the essence a strict adherence to rigid procedural formalities. Apparently this attorney was unable to recognize a notice of appearance as being such unless it was written in the regular and usual form to which he was accustomed. There is no reason, however, why this court should be bound by so restricted a view.

The conceded facts that after the entry of judgment the defendant submitted to examination in a supplementary proceeding and made a substantial payment ($1,300) which he now claims he then understood would be accepted in full satisfaction of the judgment, although it was in a lesser sum than the face amount of the judgment with accumulated interest, are not operative to defeat his present right to have declared void a judgment which in the first place should never have been entered against him. When the defendant submitted to examination in a supplementary proceeding and when he made the payment on account of the judgment he was not represented by counsel and he had no knowledge of his rights in the premises. He should not be held to have waived a right of which he was unaware. There is no basis for invoking against him an estoppel or bar of any kind.

The motion of the defendant is granted. The judgment entered herein in favor of the plaintiff and against the defendant on March 27, 1939, in the sum of $1,804.04 is vacated and the clerk is directed to cancel it of record. The plaintiff is permitted to serve his complaint herein upon the present attorney for the defendant within ten days from entry of an order on this motion, and the defendant may answer or otherwise move with respect to such complaint within ten days after service thereof.

Order signed.