John J. Walsh, J.
On or about December 29, 1958 plaintiff served a summons and complaint upon the defendant to recover the sum of $238.94 for goods, wares and merchandise sold and delivered to and services performed by plaintiff to the defendant. This complaint which was served upon defendant was unverified.
The defendant within 20 days thereafter wrote the following-handwritten letter to plaintiff’s attorney:
Re: Irving Edwards
Dear Sir:
This letter is in answer to the summons and complaint served on me on or about the 29th day of December, 1958 in the amount of Two Hundred Thirty Eight Dollars and Ninety-Four cents, ($238.94)
I agree I am indebted to Irving Edwards for a portion of this amount but not anywhere near the amount you stipulate.
This reason, plus one other, is why I discontinued payments to the plaintiff
Sincerely,
This letter was delivered by certified mail on January 14, 1959 as evidenced by a return receipt from the office of the plaintiff’s attorney.
Thereafter, and on October 8,1959, plaintiff entered judgment against defendant by default.
A party in a civil action who is of full age and has not been judicially declared to be incompetent and is not represented by an attorney “ may prosecute or defend a civil action in person ” (Civ. Prac. Act, § 236).
Such person must within 20 days after service of the summons serve upon plaintiff’s attorney “ a notice of appearance, a copy of an answer or a notice of motion raising an objection to the complaint in point of law.” (Civ. Prac. Act, § 237.)
The fir-st question presented is whether the paper served upon plaintiff’s attorney was an “ answer ”,
It was unverified but the copy of the complaint served upon defendant was unverified (Civ. Prac. Act, § 248). It contained a plain and concise statement of the material facts (Civ. Prac. Act, § 241). It contained a specific denial of each material allegation of the complaint controverted by the defendant (Civ. Prac. Act, § 261). It was subscribed with the name of the defendant (Rules Civ. Prac., rule 91). It was hand-written in English legibly, in black ink on durable white paper letter size (Rules Civ. Prac., rule 10).
The letter written by the defendant whether it be considered merely a notice of appearance or an answer, home-spun though it may be, while it contained no venue or title, plainly identified the action to which it referred and the summons and complaint to which it was directed. It is clearly seen from such letter *849 and the time within which it was sent that the defendant did not intend to let the case against him go by default and that he did not wish to permit further proceedings to be taken against him unless he be given an opportunity to be heard as to the amount of the judgment sought against him.
In the only comparable case found, a letter in answer to a summons which was in effect a general denial was held to be a 11 notice of appearance” although it took the form of an answer, prematurely interposed. In such case, it was held, that its sufficiency should have been tested on appropriate order of the court and not ignored by plaintiff and that the averment by which the Clerk of the court was induced to enter default judgment that the “ ‘ defendant has not appeared or answered herein ’, was inconsistent with the substantive fact.” (Basch v. Saftler, 207 Misc. 1051, 1054.)
Plaintiff’s attorney takes the position that he did not consider the letter dated January 12, 1958 as an answer and that although he did not take judgment fór a period of 10 months thereafter, the defendant made no contact with him or with the plaintiff until after the default judgment was entered.
Since it is clearly inferable from the letter that the defendant expected to receive notice of any further proceedings in the case, his failure to take any affirmative action is understandable.
The summons served upon defendant clearly stated that ‘ ‘ In case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint. ’ ’
It is clear that defendant did not wish the 20-day period to pass without “ answer ” for he mailed his “ answer ” within such period and was careful to establish his compliance by sending it by certified mail with a return receipt.
An order may be submitted vacating the judgment entered and granting leave to the defendant to serve an amended answer.