In the Matter of the Accounting of H. BOGART SEAMAN, as Administrator C. T. A. of the Estate of ALLEN J. MERCHER, Deceased.

Surrogate's Court, Nassau County, May 29, 1962.

*John L. Molloy* and *James C. Sharp* for petitioner. *Wrenn & Schmid* (*William J. Cosgrove* of counsel), for Pauline Mercher.

JOHN D. BENNETT, S. Incorporated into the account, which is sought to be settled in this proceeding, is an agreement, whereby, on July 27, 1956, the widow and sister of the decedent settled their numerous differences in this estate.

This proceeding was subsequently complicated by the failure to locate the widow for purposes of citation. Several lengthy affidavits concerning the petitioner's efforts to ascertain her whereabouts were filed and an order directing publication as against the widow as a party whose residence could not be ascertained was filed on November 14, 1961.

Previous to the return day of the supplemental citation directed to be published, a letter dated December 18, 1961, addressed to the court, was received from the widow who listed her address as P. O. Box 75962, Los Angeles 5, California. After the main body of the letter appears a jurat and notary public's subscription dated December 19, 1961.

In the letter the widow acknowledges receiving word of the publication of the citation and concludes in a postscript that the compromise agreement in 1956 is " legal ".

In reply to the widow the court, by letter dated December 27, 1961, urged her to appear on the adjourned date of January 10, 1962, at 10:00 A.M., to protect her interests in this proceeding. By letter dated January 4, 1962, the widow replied and inferentially declined to take any further part in the proceeding.

Under the circumstances present, the court is of the opinion that jurisdiction of the widow obtained by publication on the basis that her residence was unknown is, nevertheless, valid, notwithstanding the subsequent letter giving a post-office address for her.

The affidavits upon which the order of publication was granted reveal that such post-office address was known by the petitioner, but despite diligent and thorough efforts on his part through investigative personnel and other resources, the actual residence of the widow was not ascertainable. There appears little doubt from the papers before the court that the inability to locate the widow was caused in no small part by her desire to keep her

whereabouts unknown. Conversely, however, as of late she sees no inconsistency in a long-range discussion of the merits through the mails. Such correspondence does not constitute either an appearance or the filing of objections on her part. The court holds that it has jurisdiction in rem over the widow in this proceeding and accordingly the compromise agreement is approved and the account will be settled as filed.

The attorneys for Pauline Mercher, if they be so advised, should file their application for attorneys' fees payable from the estate on 35 days' notice by air mail to the widow, addressed to the California post-office box address, following which a decree hereon should be submitted similarly on 35 days' notice by air mail to the widow.