Harry Edelstein, J.
The defendant has moved by order to show cause dated August 8, 1977, for an order of this court to vacate and set aside the default judgment entered herein and any and all execution papers heretofore served by the plaintiffs atttorney. There is no dispute as to service in this matter, for the defendant concedes that personal service of the summons and complaint was effected upon him on May 11, 1977. In response thereto the defendant, pro se, mailed an unverified letter to the plaintiffs attorney which indicated it was "a reply” to the plaintiffs complaint. This letter was allegedly mailed on the day immediately following the service of the plaintiffs summons and complaint. The plaintiff, apparently in reliance upon its verified complaint and the fact that the defendant’s home-drawn "reply” was unverified, elected to treat the latter as a nullity and entered a default judgment on June 14, 1977. It appears that the plaintiffs reliance upon its verified complaint was misplaced.
An examination of the jurat appearing in the verification upon the plaintiff’s complaint discloses that it is executed in "State of New York County of New York”; however, it is sworn to before a notary public of the State of New Jersey. The defendant contends that this renders the verification defective. The plaintiff’s attorney, in his reply affirmation to the instant motion, avers that he has ascertained that the complaint was in fact signed in New Jersey, that the notary evidently neglected to correct the jurat to reflect that fact, and no prejudice ensued from that omission.
This court does not agree with the plaintiffs contention. Generally, it is true that: "Argument over verification in all but a minor handful of situations is foolish and the court should not suffer the fools too gladly.” (Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR 3022:1, p 396.)
The case at bar does appear to be one of those few situations where the arguments over the particular verification here in issue are not only important but dispositive. The defendant or any other party who received the complaint in *858 this action would be entirely justified to question the sufficiency of the verification appearing thereon. At the time the complaint was received, the defendant was in no position to know where the complaint was actually verified. As we have indicated, the verification purports to have been executed in New York County before a New Jersey notary public who had, presumably, no authority to take an oath in this State. This verification was defective on its face and as a matter of law, therefore, the defendant was justified in treating the plaintiffs complaint as unverified. (CPLR 3022.) Since this was a viable option for the defendant, it follows that the absence of a verification on the defendant’s answer did not cause it to be a nullity. (CPLR 3020, subd [a].)
We do not agree with the plaintiffs contention that it was authorized to ignore the defendant’s letter pursuant to the rule laid down by the Court of Appeals in Matter of Kimball (155 NY 62). That case held that a letter mailed to the plaintiffs attorney by the defendant husband in a divorce action did not constitute an answer or appearance when construed pursuant to section 4914 of the compiled laws of the State of North Dakota. (Matter of Kimball, supra, p 70.) In contrast to the defendant’s letter in the Kimball case, the defendant’s letter in the case at bar does bear a caption; furthermore, it is substantially responsive to the allegations of the plaintiffs complaint, and is replete with the claim that the debt sued upon has been paid over and above the amount claimed to be due. Thus, we find the defendant’s letter sufficient to qualify as an answer. (CPLR 3018; see, also, Edwards v La Quay, 20 Misc 2d 847.) This conclusion is consistent with the proposition that pleadings shall be liberally construed absent any prejudice arising from defective pleadings. (CPLR 3026.) The plaintiff does not claim that any of its substantial rights have been prejudiced by the form of the defendant’s answer. Since we have found herein that the defendant’s answer was sufficient and timely served, it follows that there was no default by the defendant.
Assuming arguendo that the plaintiffs complaint in this action had been properly verified, it is clear that the entry of the default judgment by the plaintiff was unauthorized. CPLR 3020 requires that where a pleading is verified, each subsequent pleading shall also be verified, with certain exceptions not applicable in the case at bar. Additionally, CPLR 3022 provides that an insufficiently verified pleading may be *859 treated by the party upon whom it is served, and who is entitled to a verified pleading, as a nullity, provided notice is given with due diligence. There is no indication whatsoever that the plaintiff ever notified the defendant that it had elected to treat the defendant’s letter as a nullity. Since the plaintiff failed to give any such notice, the plaintiff waived its right to deem the defendant’s letter as a nullity. (See 3 Weinstein-Korn-Miller, NY Civ Prac, par 3022.03, and cases cited thereat.)
Finally, we note that the principal amount of the debt which is allegedly due and owing to the plaintiff is in essence a "small claim” to wit, $140.47. This is not to say that either party to this action does not have a valid claim or defense, nor that this lawsuit is merely a passing matter. However, this action is one of a large number of cases recently instituted in this court where the principal amount sought to be recovered is well below the $3,000 jurisdictional limit recoverable in the Justice Court. (See UJCA, § 201.) This court is aware that many laymen are reluctant or prevented in economic terms from retaining an attorney where the amount sued for is so small. Given the present cost of retaining legal counsel, some laymen, whose income is just over the maximum amount which would entitle them to representation by the Legal Aid Society of this county, may be, in a practical sense, precluded from retaining legal counsel to defend an action such as this. Pro se representation, which is often difficult for laymen to maintain effectively in a Justice Court or Small Claims Court, where the rules governing the form and substance are relatively uncomplex (see UJCA, § 901), becomes a far more onerous burden where the plaintiff invokes the jurisdiction of a County Court. Here, the more technical rules of pleading prevail under the CPLR exclusively. It seems manifestly unfair to hold a pro se answer defective pursuant to the CPLR when that answer would have been fully sufficient pursuant to section 901 of the Uniform Justice Court Act, and the jurisidiction and venue for the action were properly laid in the Justice Court. It is only the acts of the plaintiff which have invoked the jurisdiction of the County Court. Implicit in the simplified rules of pleading which the Legislature enacted in the Uniform Justice Court Act, is the recognition that law suits with a relatively small amount in issue do not warrant complex and prolix rules of procedure: "While the UJCA recognizes, as it must, that it governs in the most numerous of *860 the state’s courts and must therefore contain procedural guidelines that will cover the whole litigation even in instances when friction between the parties prevents informality from prevailing, it nonetheless establishes that informality is not to be discouraged if all of the parties accede to it. In the majority of cases the parties do accede to it, motivated by the fact that the stakes involved are usually small and that too much in the way of formality can result in an expenditure of time, effort and money which would be totally out of proportion to (and perhaps even greater than) the sum involved.” (Siegel, Practice Commentaries, General Commentary on the Lower Court Acts, McKinney’s Cons Laws of NY, Book 29A, 1976-1977 Supp, p 82.)
Therefore, this court would have treated the defendant’s answer in this action as sufficient to prevent the entry of a default judgment under the CPLR, even if it had not been perfectly drawn in a technical sense, since to do otherwise might have the effect of denying the defendant an effective day in court. Furthermore, the substance of the defendant’s letter in this action, as in the case of Edwards v La Quay (supra), clearly indicates that the defendant did not intend to permit this action to go by default. The summons served by the plaintiff herein bears the normal pro forma statement to the effect that the defendant is thereby summoned to "answer” the complaint in the action. The defendant appears to have done exactly what might be expected of any pro se defendant: he mailed an "answer” or what he reasonably expected would be sufficient. It is understandable that a lay defendant, served with a complaint where the amount sought to be recovered is similar to that in the case at bar, would not feel compelled to go to the nearest law library and ascertain precisely what comprises the technical elements of an "answer” under the CPLR. Furthermore, where, as here, the answer served is adequate, it should, as a matter of fairness, be treated as such and the defendant should be accorded his day in court.
If this action had been commenced in the appropriate Justice Court, the plaintiff would have been required to designate a date certain upon which the defendant would have been obliged to appear and answer pursuant to section 402 of the Uniform Justice Court Act. This procedure, in an action such as the case at bar, lends itself to a more expeditious and complete disposition of the action on its merits when the *861 defendant, either through a conscious decision or because of economic factors, elects to proceed pro se. Thus, the Justice Court procedure would seem to lessen the possibilities of the entry of a default judgment because either party to the action misapprehended the sufficiency of his papers under the CPLR.
The case at bar is an example of the combined effect of the application of the rules of pleading which obtain in this court with what may be a practical impediment for some defendants to obtain legal counsel. Rather than have the claim heard and disposed of on the merits in the first instance, the following scenario so often re-enacted before this court results in: (1) the entry of a default judgment (upon what the plaintiff deems to be a defectively verified answer or what the pro se defendant reasonably felt was a sufficient answer); followed by (2) the immediate erasure of that judgment, sometimes by an "eleventh-hour” application by order to show cause. This is a fruitless exercise for both the litigants and the court and causes a temporary deprivation of due process of law for the defendant who is, in a practical sense, unable to obtain counsel. (See, e.g., Boddie v Connecticut, 401 US 371; Hovey v Elliott, 167 US 409, 417.)
Accordingly, the defendant’s motion to vacate the default judgment herein and any papers served by the plaintiff in execution thereof is granted.