In the Matter of LOUIS KATZ, Deceased. SYLVIA OPPENHEIM, as Executrix of LOUIS KATZ, Deceased, Respondent; SAMUEL KATZ, Appellant.

Second Department, June 15, 1981

### APPEARANCES OF COUNSEL

*Weiss & Campise (Stephen Norman Weiss* of counsel), for appellant.

*Cohen Stracher & Bloom, P. C. (Richard L. Stracher* of counsel), for respondent.

### OPINION OF THE COURT

*Per Curiam.*

On February 17, 1976 two brothers, Louis and Samuel Katz (who had changed his name to Kaye), opened a bank account by depositing the sum of $15,000 with the Home Savings and Loan Association, located in Los Angeles, California. The title of the account was "Louis Katz or Sam Kaye (Brothers) as joint tenants with right of survivorship and not as tenants in common".

Samuel Katz is a domiciliary of the State of California. Louis Katz was a domiciliary of the City of Long Beach, Nassau County, New York. In February, 1980 Louis Katz attempted to withdraw the funds deposited in the account by a draft forwarded through a New York bank. The California depository refused payment explaining that the other joint tenant had, as permitted by California law, placed a restriction on the account so that withdrawals could only be made over the signatures of both joint tenants. Shortly thereafter Louis Katz died.

In April, 1980 Samuel Katz paid $780 in California inheritance taxes upon the funds on deposit and then withdrew the entire sum which, with interest, had amounted to approximately $20,000.

The last will of Louis Katz named Sylvia Oppenheim, petitioner, as his executrix. She commenced a probate proceeding in the Surrogate's Court, Nassau County, and obtained preliminary letters. By petition dated June 17, 1980 she commenced this proceeding under SCPA 2103 seeking, *inter alia*, to have Samuel Katz show why an order should not be made declaring the proceeds of the bank account in question to be the property of the estate of Louis Katz and further directing him to turn over those proceeds to petitioner. In August, 1980 a citation and copy of the petition were served on Samuel Katz, in accordance with court order, by ordinary mail in California.

On September 12, 1980 Samuel Kaye Katz wrote the following letter to Surrogate BENNETT with a copy to petitioner's counsel:

"Your Honor: Re. Attached March 18, 1980 'Show Cause' Order and Attorney Letter I received in Late August (Hearing Postponed to 9/17/80)

"—Please find enclosed:

"1) Copy of Bank Account #01-403286-6 which was jointly held by my brother, Louis Katz, and I; with right of survivorship

"2) Inheritance tax papers

"In view of the above, I would appreciate you denying the pending petition of Sylvia Oppenheim, recognizing it

to be a disgraceful attempt at injustice. I further hope that your court takes a close look at other pending action or new action by these people to stop other misuses of your court.

"I am 84 years old and living in California or I would be personally be [*sic*] appearing before you to show you why you should drive these people from your court.

"Respectfully,

"S/Sam Kaye Katz".

In reply to this letter, petitioner's counsel claimed that the decedent had been the source of all the funds on deposit and argued that Samuel Katz "wilfully defrauded his brother by unilaterally freezing the decedent's account."

On November 5, 1980 Surrogate DELIN issued the order presently under review which stated, in relevant part, that "[t]he court will consider this letter as an answer and, therefore, there is no question that the court has jurisdiction over Mr. Katz." The order further directed appellant to appear in Nassau County for an examination and stated that upon his failure to appear, an inquest would be taken.

Samuel Katz has appealed contending that his informal letter was not an answer subjecting him to the in personam jurisdiction of the court.

The New York cases which have considered the issue are in conflict as to whether an informal letter from a named party defendant can be considered an answer or appearance subjecting him to in personam jurisdiction. *Matter of Kimball* (155 NY 62, writ of error dsmd 174 US 158) and *Matter of Mercher* (35 Misc 2d 285) hold that such informal letters do not constitute an answer or appearance; *Cohen v Ryan* (34 AD2d 789), *Basch v Saftler* (207 Misc 1051) and *Edwards v La Quay* (20 Misc 2d 847) hold that they do. The legal treatises take the view that the filing with the court of any writing which discusses the merits of the action and which asks or consents to action by the court constitutes an appearance (6 CJS, Appearances, § 19, p 25; 5 Am Jur 2d, Appearance, § 16, p 492; see, also, Ann., 73 ALR3d 1250, § 6, pp 1257-1259). We find it unnecessary to decide the question of whether the letter in

this case was an answer, for assuming that it was, it is our view that it preserved an objection to jurisdiction.

SCPA 401 states that an appearance by a respondent may be made by pleading. Since the appellant's letter deals with the merits of the action and requests the court to deny the petition, it can certainly be argued that such letter constituted an informal answer to the petition and was thus an appearance under SCPA 401. However, SCPA 211 states: *"When jurisdiction in personam obtained.* The court may exercise personal jurisdiction over any person as to any matter within the subject matter jurisdiction of the court, if, on analogous facts in an action in the supreme court, such person would be subject to the personal jurisdiction of that court." The test of the acquisition of in personam jurisdiction by the Surrogate's Court is thus whether the Supreme Court would have acquired jurisdiction on analogous facts (see 10 Cox-Arenson-Medina, NY Civ Prac, par 401.04).

CPLR 320 governs the effect of an appearance in Supreme Court and states, in relevant part:

"Defendant's appearance

"(a) Requirement of appearance. The defendant appears by serving an answer or a notice of appearance, or by making a motion which has the effect of extending the time to answer * * *

"(b) When appearance confers personal jurisdiction, generally. Subject to the provisions of subdivision (c), an appearance of the defendant is equivalent to personal service of the summons upon him, unless an objection to jurisdiction under paragraph eight of subdivision (a) of rule 3211 is asserted by motion or in the answer as provided in rule 3211."

The effect of the adoption of CPLR 320 (subd [b]) was to abolish the special appearance and to permit the joinder of a defense on the merits with an objection to jurisdiction (see *Colbert v International Security Bur.,* 79 AD2d 448, mot for lv to app den 53 NY2d 608). Under it, a party may appear by the service of an answer, but that appearance does not confer personal jurisdiction if the answer raises

an objection on that ground. Pleadings in the Surrogate's Court are to be liberally construed *(Matter of Allan*, 5 NY2d 333, 345; cf. CPLR 3026). Assuming appellant's letter to be an answer, we construe its third paragraph to be an objection to jurisdiction. Written by an 84-year-old layman, that paragraph unmistakably shows that it was his intent not to come to New York from California to litigate this proceeding. Had the instant proceeding been brought in the Supreme Court, such an answer would not, under CPLR 320 (subd [b]), have conferred personal jurisdiction over the appellant despite the fact that the objection to jurisdiction was joined with a defense on the merits. Since that is the case, the Surrogate's Court did not acquire personal jurisdiction over appellant by reason of the letter.

The burden of proving jurisdiction is on the party asserting it *(Jacobs v Zurich Ins. Co.*, 53 AD2d 524, 525). Petitioner has advanced no other predicate for asserting jurisdiction over appellant, nor, apparently could she since all the acts concerning the account, including those alleged to be wrongful as to the decedent, took place in California (cf. SCPA 210). Absent a clear manifestation of appellant's willingness to litigate the issue here, petitioner must seek ancillary letters in California and resolve the dispute in that State.

DAMIANI, J. P., GIBBONS, MARGETT and O'CONNOR, JJ., concur.

Order of the Surrogate's Court, Nassau County, dated November 5, 1980, reversed, on the law, with $50 costs and disbursements to appellant payable out of the estate, and proceeding dismissed.