*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  March 5, 2015                    518182
_____

In the Matter of the Estate
    of GLADYS JOHNSON MOAK,
    Deceased.

JOHN DOE/JANE DOE, as Executor
    of the Estate of GLADYS
    JOHNSON MOAK, Deceased,
                        Respondent;          MEMORANDUM AND ORDER

JAMES R. MOAK,

                        Respondent,
        and

RALPH H. DRAKE et al.,
                        Appellants.
_____


Calendar Date:  January 16, 2015

Before:  Lahtinen, J.P., Egan Jr., Lynch and Devine, JJ.

_____


        Waite & Associates, PC, Albany (Stephen J. Waite of
counsel), for appellants.

        James R. Moak, Delmar, respondent pro se.

_____


Egan Jr., J.

        Appeal from an order of the Surrogate's Court of Albany
County (Doyle, S.), entered February 15, 2013, which, upon
remittal, among other things, denied certain respondents' motion
for a default judgment.

The underlying facts are set forth in detail in our prior decision in this matter (92 AD3d 1040 [2012], lv denied 19 NY3d 812 [2012]).  To summarize, in 1994, respondent Woodfield Development Corporation, then owned in equal shares by respondent Ralph H. Drake and another, acquired certain real property in Saratoga County with the intention of subdividing the land and constructing residential housing thereon.  Respondent RHD Construction Corporation, an excavation company owned solely by Drake, was to prepare the site, and Drake's business partner was to build the actual residences.  When Drake and Woodfield began to experience financial difficulties, Drake sought additional investors.  Respondent James R. Moak (hereinafter Moak), a builder with financial difficulties of his own, and Drake subsequently reached an agreement whereby Moak would purchase lots in the subdivision and would undertake construction of the homes.  Drake then bought out his business partner and became the sole owner of Woodfield.

When Drake's and Moak's respective financial difficulties persisted, Drake approached Moak and inquired as to whether Moak would be willing to borrow money from his father, respondent Roger J. Moak (apparently now deceased), and his stepmother, Gladys Johnson Moak (hereinafter decedent).  Those efforts were successful and, in September 1995, a check from decedent in the amount of $110,000 was deposited into an escrow account maintained by Moak's attorney; shortly thereafter, three additional checks in the amounts of $45,000, $30,000 and $17,000 were deposited into RHD's checking account — followed by an additional $9,000 check deposited into RHD's account in a similar fashion in October 1995.  Each of the foregoing deposits was recorded as "Notes Payable—Officer" in RHD's cash receipts journal.  Thereafter, in January 1996 and April 1996, decedent wrote two checks payable directly to RHD in the amounts of $25,000 (bearing the notation "LOAN WOODFIELD") and $36,000 (bearing the notation "WOODFIELD"), respectively, which were deposited into RHD's bank account.  All told, $162,000 of decedent's funds were deposited into one or more bank accounts maintained by RHD.

Despite insisting that none of the foregoing tenders constituted a loan from decedent to either himself or any of his

corporate entities, Drake thereafter wrote four checks from RHD's account to decedent in the aggregate sum of $147,745.73. Three of the four checks issued by Drake bore a notation evidencing the existence of a loan or repayment of a debt to decedent; of these tenders, only the final check – for $1,500 – ultimately cleared. Following decedent's death, petitioner commenced this proceeding in 2000 alleging, among other things, that the moneys advanced by decedent constituted a loan that Drake, RHD and Woodfield (hereinafter collectively referred to as respondents) thereafter failed to repay. Respondents answered and cross-claimed against Moak in 2001 for contribution and/or indemnification – to which Moak apparently did not reply. Thereafter, in 2003, Moak executed and filed a confession of judgment acknowledging his indebtedness to decedent's estate.

On the first day of trial, respondents moved for a default judgment against Moak, which Surrogate's Court did not address. Moak appeared and testified on the second day of trial and, at the conclusion thereof, Surrogate's Court partially granted petitioner's application and ordered Drake to reimburse decedent's estate in the amount of $160,500, together with interest thereon. Upon appeal, we affirmed the underlying decree, but we remitted this matter to Surrogate's Court to address respondents' motion for a default judgment, as well as the merits of their cross claim against Moak for contribution and/or indemnification (92 AD3d at 1045). Thereafter, Surrogate's Court denied respondents' motion for a default judgment and denied, on the merits, respondents' cross claim against Moak. This appeal by respondents ensued.

We affirm. Initially, we cannot say that Surrogate's Court abused its discretion in denying respondents' motion for a default judgment. SCPA 203 provides, in pertinent part, that "[p]ersonal jurisdiction of parties is obtained by service of process upon the parties or by submission to the jurisdiction of the court by waiver of issuance and service of process, appearance of an adult competent party in person or by attorney or by pleading." Similarly, SCPA 401 (2) provides, insofar as is relevant here, that "[a]n appearance is made by pleading . . . or by appearance in person noted upon the record in open court."

Here, although Moak indeed was not present on the first day of trial (April 7, 2009), he appeared and testified the following day and, prior thereto, had filed a confession of judgment acknowledging his indebtedness to decedent's estate. The confession of judgment, in turn, made express reference to the fact that the funds in question were transferred at the behest of, among others, respondents in connection with the Woodfield subdivision and, further, noted that if any portion of the total indebtedness ultimately was repaid by respondents, such sum would constitute a credit against the underlying judgment. As the confession of judgment was entered in compliance with the provisions of CPLR 3218 (a) and, among other things, expressly referenced the underlying loan transactions and asserted the right to a credit for any sums ultimately repaid by respondents, such document may be deemed a pleading for purposes of constituting an appearance by Moak within the meaning of SCPA 203 and 401 (see generally Matter of Katz, 81 AD2d 145, 148 [1981], affd 55 NY2d 904 [1982] [letter addressing the merits of the action and requesting affirmative relief from the court may constitute an informal answer]) — particularly in view of the fact that Moak never contested the court's jurisdiction over him (compare Matter of Katz, 81 AD2d at 148-149). Accordingly, respondents' motion for a default judgment was properly denied.

As for the denial of respondents' cross claim, suffice it to say that Drake and Moak offered vastly different accounts of their working relationship, the responsibilities assumed by respondents and Moak with respect to the planned subdivision, the manner in which decedent's moneys came to be deposited into RHD's account, the manner in which, to whom and under whose authority such moneys thereafter were disbursed and, as between respondents and Moak, who ultimately derived a benefit from such funds. As we noted when this matter was last before us, Surrogate's Court discounted Drake's version of both his relationship with Moak and the subject transactions, and we again discern no basis upon which to disturb that credibility determination. We also are satisfied, based upon our review of Moak's testimony and the relevant documentary evidence, that respondents' cross claim was properly denied. Respondents' remaining arguments, to the extent not specifically addressed, have been examined and found to be lacking in merit.

Lahtinen, J.P., Lynch and Devine, JJ., concur.


ORDERED that the order is affirmed, with costs.



ENTER:

Robert D. Mayberger
Clerk of the Court