■ AARON B. COHEN, Respondent, v. ELMIRA A. RYAŃ, Executrix of MARY B. BELSKIS, Deceased, et al., Appellants.— In an action for breach of contract to recover attorney's fees, defendants appeal from an order of the Supreme Court, Nassau County, entered June 19, 1969, which denied their motion (1) to vacate two default judgments and (2) for leave to interpose an answer. Order reversed, with $10 costs and disbursements, motion to vacate judgments granted and leave granted to interpose an answer within 20 days after entry of the order hereon. After service of a summons with notice, the plaintiff filed a verified complaint with the clerk of the court obtaining default judgments on the grounds of defendants' failure to appear. Within 20 days

of service of the summons, one of the defendants wrote a letter to the plaintiff requesting " an extension of time in writing." We believe defendants' letter constituted an appearance (see *Basch* v. *Saftler*, 207 Misc. 1051; *Edwards* v. *La Quay*, 20 Misc 2d 847). Contracts between attorney and client, as a matter of public policy, are of special interest and concern of the courts. They are not always enforceable in the same manner as ordinary commercial contracts. The burden of proving that the arrangement for compensation was fair and reasonable and fully comprehended by the client rests with the attorney (see *Matter of Schanzer*, 7 A D 2d 275; *Matter of Howell*, 215 N. Y. 466). The clerk of the court lacked authority to enter the defaults since appearance was made by one of the defendants and the agreement between attorney and client required prior review by the court. Laches does not defeat a motion to vacate a judgment which is a nullity (see *Flatbush Auto Discount Corp.* v. *Reich*, 190 Misc. 817). Rabin, Acting P. J., Munder, Martuscello, Brennan and Benjamin, JJ., concur.