527 MADISON AVENUE COMPANY, a Limited Partnership, Respondent, *v.* DeLOY EXECUTIVE SERVICE, INC., et al., Appellants. (Action No. 1.)

527 MADISON AVENUE COMPANY, a Limited Partnership, Respondent, *v.* DeLOY EXECUTIVE SERVICE, INC., et al., Appellants; AMER MARKET ASSOC. et al., Respondents. (Action No. 2.)

527 MADISON AVENUE COMPANY, a Limited Partnership, Respondent, *v.* DeLOY EXECUTIVE SERVICE, INC., et al., Appellants; AMER MARKET ASSOC., Respondent. (Action No. 3.)

DeLOY EXECUTIVE SERVICE, INC., Appellant, *v.* 527 MADISON AVENUE COMPANY, a Limited Partnership, Respondent. (Action No. 4.)

HERMAN A. STUHL, Individually and in Behalf of All Tenants of DeLoy Executive Service, Inc., Similarly Situated, Appellant, *v.* 527 MADISON AVENUE COMPANY, a Limited Partnership, et al., Respondents. (Action No. 5.)

First Department, June 1, 1971, Republished June 3, 1971.

*Herman A. Stuhl,* in person, of counsel (*Mark G. Fresco,* attorney), for appellants.

*Arnold A. Jaffe* of counsel (*Moses & Singer,* attorneys), for respondents.

*West & Wolk* for 527 Madison Avenue Company, respondent.

*Per Curiam.* The seven appeals in the five related actions all depend on the outcome of the appeal in the action designated No. 1 by the parties. A skeletal statement of the facts and the proceedings is necessary to explain our conclusions. The building located at 527 Madison Avenue was owned by Madison 54th Realty Company. Negotiations were had in 1967 for a net lease of the building to 527 Madison Avenue Company (527),

a limited partnership. Among the tenants was DeLoy Executive Service, Inc. (DeLoy) which had a 10-year lease on certain space. The lease was suspect on several grounds and 527 refused to go through with the negotiations unless the owner made a new lease with DeLoy. DeLoy and the owner thereupon negotiated a second lease for three years at a higher rental and for some time paid the rent as reserved in the second lease. Howver, DeLoy made a claim for additional space pursuant to an option in the first lease and, in the events following the claim and its rejection, indicated an intention to assert the viability of the first lease. Action No. 1 was thereupon started. It was an action for a declaratory judgment declaring that the second lease superseded the first and was the lease under which DeLoy was occupying the space. No answer or notice of appearance was put in by DeLoy or its president, who was also named as a party. Upon the expiration of the second lease summary proceedings were instituted in the Civil Court. There were two proceedings, as DeLoy in addition to the space demised in the second lease was occupying other space pursuant to an assignment. These proceedings are designated Actions 2 and 3. DeLoy then moved in Action No. 1 to open its default and to consolidate the summary proceedings (Actions 2 and 3) with Action No. 1. Both motions, simultaneously handled, were denied by Special Term and the denial is the subject of the first appeal.

Special Term found that it was not shown that the default was due to excusable neglect and that there was no sufficient showing of merits. We are of the opinion that the record sustains both of these findings. However, included in the moving party's application was a claim that the summons in the action had never been served and a vacatur of the judgment was requested. Special Term unfortunately failed either to order a hearing on the traverse or otherwise deal with this phase of the application. Nevertheless we agree with the determination made. As noted, DeLoy also moved by separate order to show cause, which was heard at the same time and without objection was disposed of with the original application, to consolidate the Civil Court proceedings with the declaratory judgment action. Such an application necessarily assumes the viability of the Supreme Court action, and relief is sought based on that assumption. It would be an inevitable conclusion if there was no service that not only must the judgment be vacated but that there was no action pending. The moving party therefore

waived any defect in service and its application was limited to the relief of opening the default.

Appellant, while conceding that this was the law prior to the enactment of CPLR, claims that its provisions have effected a change. To an extent this is correct. The submission of an affidavit of merits, once constituting a general appearance (*Revona Realty Corp.* v. *Wasserman,* 4 A D 2d 444; *Hammond* v. *Hammond,* 9 A D 2d 615), now no longer does. Nor does any inconsistent ground for obtaining the same relief (*Mutual Home Dealers Corp.* v. *Alves,* 23 A D 2d 791). This is the limit of the statutory change and the decisional law. Here the appellant seeks to go beyond that by seeking unrelated relief based upon the assumption that jurisdiction had been obtained.

All of the remaining appeals are concluded by the determination of the appeal in Action No. 1.

Order (KUPFERMAN, J.) entered December 1, 1970, in actions under Index No. 02912-1970 in the Supreme Court and L&T 85536-1970 in the Civil Court, should be affirmed with costs and disbursements.

Appeal from order (KUPFERMAN, J.) entered December 23, 1970, in same, should be dismissed as nonappealable.

Order (KUPFERMAN, J.) entered December 18, 1970, in actions under Index No. 20485-1970 in the Supreme Court and L&T 85535-1970 in the Civil Court, should be affirmed without costs.

Order (SPECTOR, J.) entered March 11, 1971, in action Index No. 20485-1970, should be affirmed without costs.

Order (SPECTOR, J.) entered March 10, 1971, in action Index No. 18962-1970, should be affirmed without costs.

Order (KUPFERMAN, J.) entered December 1, 1970, in action Index No. 18962-1970, should be affirmed without costs.

Order (KUPFERMAN, J.) entered December 11, 1970, in action Index No. 20485-1970, should be affirmed without costs.

McGIVERN, J. P., MARKEWICH, STEUER and MACKEN, JJ., concur.

Order, Supreme Court, New York County (KUPFERMAN, J.), entered on December 1, 1970 in Actions 1 and 2, unanimously affirmed. Respondents shall recover of appellants one bill of $50 costs and disbursements of this appeal.

Appeal from order of said court (KUPFERMAN, J.), entered on December 23, 1970, unanimously dismissed as nonappealable, without costs and without disbursements.

Orders of said court entered on March 11, 1971 (SPECTOR, J.) in Action No. 5; March 10, 1971 (SPECTOR, J.) in Action No. 4; December 1, 1970 (KUPFERMAN, J.) in Action No. 4; Decem-

ber 11, 1970 (KUPFERMAN, J.) in Action No. 5; and December 18, 1970 (KUPFERMAN, J.) in Actions Nos. 2 and 5, unanimously affirmed, without costs and without disbursements.

The order of this court entered on June 1, 1971, is vacated.