■ MARIE TAYLOR, Respondent, v RAYMOND TAYLOR, Appellant.—Order, Supreme Court, New York County, entered March 30, 1978, granting the defendant husband's motion for an order restraining the plaintiff wife from obtaining a judgment of divorce by default and directing that the wife serve a complaint on condition that the husband pay all arrears to the wife pursuant to a prior order of the Supreme Court, New York County, dated January 19, 1978, unanimously modified, on the law, to the extent of striking the conditions imposed by Special Term and otherwise affirmed, without costs or disbursements. Marie Taylor initiated an application for temporary alimony and child support by order to show cause at the end of November, 1977, and among the papers was a summons. The issue of alimony and child support was determined, and Raymond Taylor's separate application for downward modification was denied. The litigation concentrating on the issue of support ended on February 10, 1978. On February 24, 1978 Raymond served a demand for a verified complaint. The demand was rejected as untimely and Raymond was advised further that Marie would seek entry of a default judgment against him. Raymond then made the present motion to restrain Marie from obtaining a default judgment and to compel service of the complaint. Special Term granted the relief requested conditioned upon payment of arrears in alimony and child support. We would modify that determination to the extent of vacating the conditions imposed by Special Term. While it is true that the formal notice of appearance was not timely served (CPLR 320, subd [a]), nonetheless it is equally true that, by actively litigating the issue of alimony and child support and submitting fully to the jurisdiction of the court, Raymond had made an informal appearance in the action *(Henderson v Henderson,* 247 NY 428, 432; *McGowan v Bellanger,* 32 AD2d 293) and was therefore technically not in default. Under these circumstances, Marie could not properly reject the demand for service of a verified complaint (CPLR 3012, subd [b]), and Raymond could not be deemed in default. We have therefore

modified the order of Special Term to the extent of striking the conditions imposed. Concur—Kupferman, J. P., Lupiano, Lane, Sandler and Sullivan, JJ.