■ BEDRI GURBUZER, Respondent, v MARTIN L. SCHULMAN et al., Defendants, and ABBEY BOKLAN, as Executrix of BRUCE BOKLAN, Deceased, Appellant. — In a medical malpractice action, defendant Abbey Boklan, as executrix under the will of Bruce Boklan, appeals from an order of the Supreme Court, Queens County, entered February 26, 1980, which granted plaintiff's motion to strike her affirmative defense of lack of personal jurisdiction. Order affirmed, with $50 costs and disbursements. In November of 1977, the plaintiff brought suit against a hospital and several doctors, including one Bruce Boklan. Plaintiff then learned that Bruce Boklan had been dead about two years and commenced a second action against Bruce Boklan's executrix, Abbey Boklan. Plaintiff served a summons upon Abbey Boklan, but apparently no summons was served on her in the first action. There-

after, Abbey Boklan's counsel, who also represented several of the defendants in the first action, and plaintiff's counsel agreed to obviate the need for two actions. However, instead of moving for joinder or consolidation, they merely signed a stipulation which provided, in pertinent part, that the caption in the first action would be amended to substitute Abbey Boklan, executrix, for Bruce Boklan, and that the second action would be discontinued. After the stipulation had been signed, Abbey Boklan served her answer in the first action, pleading lack of jurisdiction as an affirmative defense. In affidavits submitted in connection with a motion to strike that defense, she argued that there was no jurisdiction because she had never been served with a summons in the first action. Instead of serving Abbey Boklan with a summons, plaintiff (apparently unaware of any provision to extend a Statute of Limitations he feared had run) moved to strike the affirmative defense, arguing, *inter alia,* that the stipulation somehow acted to provide the court with jurisdiction over appellant in the first action. After a hearing on the adequacy of substituted service in the second action, Special Term granted plaintiff's motion to strike the defense. We affirm. The result is just and plaintiff should be permitted to proceed to the merits. Appellant was properly served in the second action, as Special Term found after the hearing. She entered into the stipulation substituting herself in the caption of the first action with full knowledge of that action in consideration for the discontinuance of the second action. We hold that, under these singular circumstances, by entering into the stipulation, appellant in effect consented to the court's jurisdiction over her in the first action. (Cf. *527 Madison Ave. Co. v De Loy Executive Serv.,* 36 AD2d 502, app dsmd and mot for lv to app den 29 NY2d 486 and 794, cert den 405 US 989.) Hopkins, J.P., Damiani, Lazer and Thompson, JJ., concur.