■ JULIAN J. BORAK et al., Respondents, v DANUTA R. KAR-WOWSKI, Appellant, et al., Defendants.—In an action to recover damages for the wrongful eviction of the plaintiffs from their rent-controlled apartment, the defendant Danuta Raszkiewicz Karwowski appeals from (1) an order of the Supreme Court, Kings County (Held, J.), dated June 1, 1988, which, inter alia, implicitly denied her motion to vacate a prior judgment of the same court by directing her to authorize the garnishee, Polish and Slavic Federal Credit Union, to release and deliver sufficient funds to the plaintiffs to satisfy the outstanding judgment, and (2) an order of the same court, dated July 14, 1988, which denied her motion for renewal.

Ordered that the orders are affirmed, with one bill of costs.

The Supreme Court properly refused to grant the appellant's motion to vacate the judgment which had been entered against her after an inquest. The appellant was personally present at the inquest which was held after she failed to timely interpose an answer. At that time, the appellant denied the allegations giving rise to her liability and requested an adjournment to call other witnesses. We find that such conduct on the part of the appellant was indicative of an intention to make the court her own forum and was sufficient to constitute an appearance *(see,* CPLR 320; McLaughlin, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C320:2, at 363; *Henderson v Henderson,* 247 NY 428; *Taylor v Taylor,* 64 AD2d 592; *McGowan v Bellanger,* 32 AD2d 293; *see also,* Siegel, NY Prac § 112, at 140).

Furthermore, the appellant's contention that she was unfairly deprived of the right to an adjournment at the inquest is without merit. Applications for adjournments are addressed to the discretion of the trial court *(Matter of Anthony M.,* 63 NY2d 270, 283; *Cuevas v Cuevas,* 110 AD2d 873, 877). The witnesses produced by the plaintiffs demonstrated a meritorious cause of action. The record indicates that had the appellant exercised due diligence, the application for an adjournment could have been obviated. The appellant misrepresented to the trial court that she had retained counsel who was otherwise engaged in another court. We therefore conclude that the denial of the request for an adjournment was not an improvident exercise of discretion *(see, Cuevas v Cuevas, supra; Wilson v Wilson,* 97 AD2d 897, 898; *Balogh v H.R.B. Caterers,* 88 AD2d 136, 141). We also note the persistent lack of diligence in the defense of this lawsuit, highlighted by the failure of the appellant to move to vacate the judgment entered after the inquest, which was personally attended by the appellant, for a period of three years and two months.

We have considered the appellant's remaining contentions and find them to be without merit. Mangano, J. P., Lawrence, Eiber and Spatt, JJ., concur.