■ JOSEPH AMBERS et al., Respondents, v C.T. INDUSTRIES, INC., as Successor to CITADEL INDUSTRIES, INC., Formerly Known and Doing Business as ALCO PRODUCTS, INC., Formerly Known and Doing Business as AMERICAN LOCOMOTIVE Co., INC., et al., Defendants, GOLTEN MARINE COMPANY, INC., Respondent, and STAR UNIFORM RENTAL COMPANIES, Appellant. (And Third- and Fourth-Party Actions.)—Order, Supreme Court, New York County (Kristin Booth Glen, J.), entered on or about July 25, 1989, which denied defendant Star Uniform Rental Companies' (Star) motion to dismiss the complaint for lack of jurisdiction, unanimously affirmed, with costs.

Plaintiff Joseph Ambers and his spouse commenced three separate actions in 1975, 1977 and 1978 to recover for personal injuries sustained on September 19, 1974, when the employee uniform that Mr. Ambers was wearing ignited into flames upon the explosion of a diesel generator owned and operated by his employer. In the 1975 action, plaintiffs sued the manufacturer of the diesel engine. In 1977, they commenced a separate action alleging negligence, breach of warranty and products liability against the uniform manufacturer, Work Wear Corp. Star, the company which rented the uniforms to plaintiff's employer, was also named as a defendant in the 1977 action, but apparently was never properly served with the summons and complaint. Finally, on or about June 21, 1978, plaintiffs commenced a third action, alleging breach of warranty, against Star. Star, in its answer to the 1978 complaint, asserted as affirmative defenses lack of jurisdiction due to improper service of the 1977 complaint and the three-year Statute of Limitations for tort claims. In 1979, Work Wear Corp. impleaded Star and other third-party defendants into the 1977 action. Star then successfully moved, in 1982, to consolidate the 1975 and 1977 actions. Seven years later, on February 8, 1989, Star moved to dismiss the 1977 complaint for both lack of jurisdiction and failure to move timely for a default judgment. In addition, Star moved to dismiss the 1978 complaint as time barred and for failure to allege privity as required by the preamended UCC 2-318. Star appeals the court's denial of this motion.

Star waived its jurisdictional objections to the 1977 complaint when it affirmatively sought unrelated relief (consolidation) which necessitated the assumption that jurisdiction had been obtained (see, 527 Madison Ave. Co. v DeLoy Executive Serv., 36 AD2d 502, 504). Moreover, when Star moved for consolidation in 1982, it was no longer technically in default, and plaintiff was no longer entitled to move for a default

judgment (see, *Taylor v Taylor,* 64 AD2d 592). Furthermore, considering that Star did not move for dismissal on CPLR 3215 (c) grounds until the eve of trial—some seven years after its appearance in the action—the court below properly exercised its discretion in denying Star's motion to dismiss pursuant to CPLR 3215 (c). Finally, we find that plaintiffs sufficiently pleaded a claim for breach of warranty in their 1978 action so as to warrant the application of the four-year limitations period set forth in UCC 2-725 (see generally, *Thomas v Leary,* 15 AD2d 438). The 1978 complaint alleges that Star warranted the uniform as safe, knew that plaintiff used the uniform, and that he was injured as a result of his reliance on this warranty, which was breached. Concur—Murphy, P. J., Ross, Asch and Wallach, JJ.