■ BARON & GLEICH, Appellant, v MARK EPSTEIN et al., Respondents, et al., Defendant.—In an action to recover legal fees for services rendered, the plaintiff appeals from an order of the Supreme Court, Nassau County (Murphy, J.), dated August 4, 1989, which granted the motion of the defendants Epstein and Izmo Productions, Inc., to vacate a judgment in the amount of $68,816.71, entered by the clerk of the same court on January 18, 1989, against them, upon their default in answering.

Ordered that the order is affirmed, with costs.

In this long-standing dispute between attorney and client over fees for services rendered, the parties agreed that, because of settlement negotiations, the respondents, who had appeared in the action, were not required to serve an answer until 20 days after service by the plaintiff of written notice to do so. Inasmuch as the record is at best unclear as to whether the agreed-to notice was properly given, the respondents' counsel acted promptly upon learning that a default judgment had been entered, and the courts have a special interest in contracts between attorneys and clients *(see, Cohen v Ryan,* 34 AD2d 789; *cf., Matter of First Natl. Bank v Brower,* 42 NY2d 471), the Supreme Court properly vacated the default judgment entered by the clerk *(see,* CPLR 3215 [a]; *cf.,* CPLR 5015; *Sortino v Fisher,* 20 AD2d 25, 32).

There are no bills or detailed statements of services included in the record, and, given the patent and long-standing objection by the respondents to the plaintiff's demands for fees, it is evident that an action on an account stated will not

lie (cf., *Law Firm of Liebowitz, Lasky & Peterson v Sikowitz,* 129 AD2d 774; *Sandvoss v Dunkelberger,* 112 AD2d 278). Under the circumstances presented here, a default judgment should not have been entered against the respondents by the clerk (cf., *Cohen v Ryan, supra).* Bracken, J. P., Harwood, O'Brien and Ritter, JJ., concur.