■ Robert Parrotta, Respondent, v Norman Wolgin et al., Individually and Doing Business as Green Island Associates, Appellants. [666 NYS2d 341] —Yesawich Jr., J. Appeal from an order of the Supreme Court (Dier, J.), entered October 31, 1996 in Warren County, which denied defendants' motion for summary judgment dismissing the complaint.

Plaintiff seeks to recover for personal injuries he allegedly sustained on June 16, 1991 while walking on the Sagamore Golf Course in the Town of Bolton, Warren County. Plaintiff commenced this action in March 1994 and sent defendants separate summonses and complaints along with acknowledgements of receipt by mail. Each of the acknowledgements was returned, unsigned, to plaintiff's counsel and service was not completed by any other method; accordingly, proofs of service were never filed. On June 3, 1996, defendants moved for sum-

mary judgment dismissing the complaint for failure to effect proper service and failure to timely file proof of same as required by CPLR 306-b. Supreme Court denied the motion, finding that defendants, having informally appeared in the action, were barred from raising these jurisdictional objections. Defendants appeal.

Prior to service of defendants' answer—in which they assert their jurisdictional defense—in March 1995, a claims representative from American International Adjustment Company, Inc., evidently acting on defendants' behalf, contacted plaintiff's counsel on several occasions, requesting extensions of time to answer (which were granted) and seeking discovery of medical reports, names of witnesses and the date of the incident. This conduct, as Supreme Court found, constituted an "informal appearance" sufficient to preclude entry of a default judgment against defendants (*see, Cohen v Ryan*, 34 AD2d 789, 790) and, in our view, to also avoid the automatic dismissal that occurs upon expiration of the 120-day period set forth in CPLR 306-b (a) (*see generally, Matter of Barsalow v City of Troy*, 208 AD2d 1144, 1145-1146).

Nevertheless, defendants' motion should have been granted, for where, as here, "the substantial activity which constitutes the appearance occurs before the defendant's time to answer expires, it does not deprive him of the right to object to jurisdiction" (McLaughlin, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C320:2, at 492; *see*, CPLR 320 [b]; *Becker v Lesnick*, 96 Misc 2d 819, 821-822). Hence, neither defendants' requests for additional time to answer (*see, Rich v Lefkovits*, 56 NY2d 276, 279-280) nor their pursuit of discovery (*see, Ortiz v Booth Mem. Med. Ctr.*, 94 AD2d 698, 699; *Al-Dohan v Kouyoumjian*, 93 AD2d 714, 716) effected a relinquishment of their jurisdictional defense. Inasmuch as plaintiff essentially concedes that defendants were never properly served, the complaint should have been dismissed for this reason.

Mikoll, J. P., Mercure, Crew III and Casey, JJ., concur. Ordered that the order is reversed, on the law, with costs, motion granted, summary judgment awarded to defendants and complaint dismissed, without prejudice to the commencement of a new action by plaintiff within 120 days as provided by CPLR 306-b (b).