■ HYMAN RÜBENSTEIN, Appellant, v MANHATTAN AND BRONX SURFACE TRANSIT OPERATING AUTHORITY, Sued Herein as MABSTOA, et al., Respondents. [719 NYS2d 659] —Order, Supreme Court, New York County (Robert Lippmann, J.), entered September 1, 1999, which, to the extent appealed from as limited by the brief, dismissed the complaint for failure to prosecute based on failure to enter a default judgment, unanimously reversed, on the law, without costs, the motion to dismiss denied and the complaint reinstated.

Defendants claim there has been no action in this case since November 1996, when they received the complaint. However, while it does not appear that they served an answer, there is evidence that they served an extension of time to answer. In addition, their computer records indicate, albeit erroneously,

that this matter was settled in July 1997. Moreover, defendants appeared for a preliminary conference on March 4, 1999, at which the court "so ordered" the parties' agreed upon schedule for disclosure and other pre-trial activities.

Defendants discovered at around the time of the preliminary conference that there were no pleadings in their case file, although they did possess the transcript of the examination of plaintiff held pursuant to General Municipal Law § 50-h. They requested and received from plaintiff copies of the summons and complaint bearing their date stamp. At the compliance conference on April 29, 1999, defendants made an oral application for dismissal, pursuant to CPLR 3215 (c), on the ground that plaintiff failed to enter a default judgment within one year of defendants' default in answering the complaint. Their motion, later made in writing, should have been denied. While defendants apparently never filed an answer, their records indicating that a settlement was reached a year and a half after the complaint was received and their participation at the preliminary conference sufficiently demonstrated active involvement, constituting an appearance by both parties, in the litigation (CPLR 320; *Taylor v Taylor*, 64 AD2d 592). Under such circumstances, dismissal of the complaint was improper. Concur—Sullivan, P. J., Rosenberger, Williams, Andrias and Ellerin, JJ.