■ Joel Pierre, Appellant, v Arlonne Pierre, Respondent. [748 NYS2d 870] —In a matrimonial action in which the parties were divorced by judgment dated June 6, 2001, entered upon the defendant's default in answering, the plaintiff appeals from an order of the Supreme Court, Kings County (Yancey, J.), dated September 6, 2001, which granted that branch of the defendant's motion which was to vacate the judgment and, thereupon, sua sponte, dismissed the complaint.

Ordered that on the Court's own motion, the notice of appeal from so much of the order as, sua sponte, dismissed the complaint is deemed to be an application for leave to appeal from that portion of the order, and leave to appeal is granted (*see* CPLR 5701 [a] [2]; [c]); and it is further,

Ordered that the order is modified, on the law, by deleting the provision thereof which, sua sponte, dismissed the complaint, and substituting therefor a provision directing the plaintiff to accept the defendant's amended verified answer; as so modified, the order is affirmed, without costs or disbursements.

The Supreme Court erred in dismissing the complaint, sua

sponte, because the affidavit of service submitted by the plaintiff did not comply with Domestic Relations Law § 232 (b). Where a complaint is not personally served with the summons in an action, inter alia, for a divorce, the summons must state the nature of the action (*see* Domestic Relations Law § 232 [a]). If a complaint is served with the summons, such notice is not required (*see* Domestic Relations Law § 232 [a]; Scheinkman, Practice Commentaries, McKinney's Cons Laws of NY, Book 14, Domestic Relations Law § 232 C232:1, at 54). Domestic Relations Law § 232 (b) provides that an affidavit of service must, among other things, include a statement that the required notice appeared on the summons.

Here, the record demonstrates that the defendant was personally served with a summons and complaint, not simply a summons with notice. Although the summons did state the nature of the action, such notice was not required. Consequently, there was no requirement that the affidavit of service state that the notice appeared on the summons (*see* Domestic Relations Law § 232; Scheinkman, Practice Commentaries, McKinney's Cons Laws of NY, Book 14, Domestic Relations Law § 232 C232:4, at 69). Further, even if the affidavit of service was defective, such a defect would be a mere irregularity and not a jurisdictional defect (*see Karanja v Karanja,* 193 AD2d 718; *Mariano v Steinberg,* 87 AD2d 606; *Mrwik v Mrwik,* 49 AD2d 750).

However, the Supreme Court providently exercised its discretion in vacating the defendant's default. Given the liberal approach adopted by the courts in matrimonial actions which favors dispositions on the merits, the apparent law office failure of her former attorney should be excused. Further, the defendant demonstrated the existence of a meritorious defense (*see Kolodny v Kolodny,* 286 AD2d 422; *Adams v Adams,* 255 AD2d 535).

Under the circumstances of this case, it is appropriate to allow the defendant to serve an amended answer in the form annexed to her motion. Ritter, J.P., Altman, H. Miller and Cozier, JJ., concur.