■ JEANNE M. WILKINS et al., as Coadministratrices of the Estate of ANDREW D. WILKINS, Deceased, Appellants, v SHAWN HUBER, Respondent, et al., Defendant. [757 NYS2d 186] —Appeal from an order of Supreme Court, Niagara County (Boniello, III, J.), entered October 22, 2001, which granted the motion of defendant Shawn Huber to dismiss the complaint against him.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously reversed on the law without costs, the motion is denied and the complaint against defendant Shawn Huber is reinstated.

Memorandum: We agree with plaintiffs that the letter sent on behalf of Shawn Huber (defendant) by a claims representative of defendant's insurer requesting an extension of time to answer the complaint constitutes an appearance for purposes of CPLR former 306-b (a) (*see Sobczynski v Chiari*, 257 AD2d 565 [1999]; *Parrotta v Wolgin*, 245 AD2d 872 [1997]; *Cohen v Ryan*, 34 AD2d 789 [1970]). Thus, we conclude that defendant is not entitled to dismissal of the complaint against him on the ground that plaintiffs failed to file proof of service of the summons and complaint in accordance with CPLR former 306-b (a) (*see Epke v Park Ridge Hosp.*, 288 AD2d 891 [2001]). Although plaintiffs raise that contention for the first time on appeal, the significance of the letter involves a question of law "appearing on the face of the record * * * [that] could not have been avoided by" defendant if it had been raised in Supreme Court (*Oram v Capone*, 206 AD2d 839, 840 [1994]), and thus plaintiffs' contention is properly before us. We therefore reverse the order, deny the motion of defendant and reinstate the complaint against him. In view of our determination, it is not necessary to reach plaintiff's cross motion seeking leave to file the affidavit of service nunc pro tunc. Present—Green, J.P., Wisner, Scudder, Burns and Gorski, JJ.