■ In the Matter of JOSEPH SESSA, Appellant, v BOARD OF ASSESSORS OF THE TOWN OF NORTH ELBA, Respondent. [847 NYS2d 765]—

Spain, J. Appeal from an order of the Supreme Court (Dawson, J.), entered June 15, 2006 in Essex County, which, in a proceeding pursuant to RPTL article 7, granted respondent's motion to dismiss the petition.

In this RPTL article 7 proceeding, petitioner challenges the 2004 tax assessment of real property located at 101 Mirror Lake Drive in the Village of Lake Placid, Town of North Elba, Essex County. Supreme Court granted respondent's motion to dismiss the proceeding for lack of personal jurisdiction. On petitioner's appeal, we now reverse.

Petitioner filed the petition challenging the 2004 assessment in July 2004 and mailed three copies of the notice of petition and petition to respondent. Respondent did not answer, allowing all allegations to be deemed denied pursuant to RPTL 712 (1). Petitioner filed a note of issue in March 2005 and the parties had a pretrial conference in April 2005. In July 2005, petitioner filed another petition challenging his 2005 tax assessment. Again, as authorized by law, respondent did not answer. Thereafter, the parties exchanged preliminary appraisals in the hope of settlement. Petitioner filed a note of issue with respect to the 2005 petition on September 21, 2005. A pretrial conference was held in October 2005. By letter dated January 6, 2006, respondent announced substitution of counsel and asserted statutory denial of both petitions pursuant to RPTL 712 (1). On April 10, 2006, 19 months following the filing of the 2004 petition, respondent successfully moved for dismissal of both petitions based upon improper service of process.[1]

We conclude that the proceeding should not have been dismissed despite petitioner's failure to effect proper service.[2] "[S]ervice of process can be waived by respondent simply by appearing in the proceeding and submitting to the court's jurisdiction" (*Matter of Fry v Village of Tarrytown*, 89 NY2d 714, 720 n 2 [1997]). A formal appearance is effected "by serving an answer or a notice of appearance, or by making a motion which has the effect of extending the time to answer" (CPLR 320 [a]), and a party can also appear informally by substantially participating in the litigation (*see Parrotta v Wolgin*, 245 AD2d 872, 873 [1997]).

An appearance will operate to waive objections to the court's personal jurisdiction "unless an objection to jurisdiction under [CPLR 3211 (a) (8)] is asserted by motion or in the answer as provided in rule 3211" (CPLR 320 [b]; *see* CPLR 3211 [e]; *Matter of Abramov v Board of Assessors, Town of Hurley*, 257 AD2d

---

1. Petitioner has not appealed from the order dismissing the 2005 petition.

2. As petitioner failed to effect personal service pursuant to either RPTL 708, generally, or CPLR 312-a, specifically, we decline to address the issue of service by mail under RPTL 708 as decided in *Matter of Wyeth Ayerst Pharms., Inc. v Assessor of Town of Champlain* (24 AD3d 849 [2005]; *cf. Aymes v City of New York*, 27 AD3d 394, 396 [2006]). We save that issue for another day.

958, 960 [1999], *lv denied* 93 NY2d 813 [1999]; *see also Matter of Nicola v Board of Assessors of Town of N. Elba*, 46 AD3d 1161 [2007] [decided herewith]). In the context of this RPTL article 7 tax proceeding, however, "[a] motion to dismiss the petition shall not be denied merely on the ground that an answer has been deemed made" (RPTL 712 [1]). Thus, respondent "[was] not required to move to dismiss prior to the expiration of the time in which to answer" (*Matter of Abramov v Board of Assessors, Town of Hurley*, 257 AD2d at 960; *see Matter of Rosen v Assessor of City of Troy*, 261 AD2d 9, 11 [1999]). The holding in *Matter of Abramov v Board of Assessors, Town of Hurley* (*supra*) was qualified by the provision that prejudice to a petitioner as a result of a respondent's delay could be a ground for denying a motion to dismiss brought after the statutory time to answer had expired (*see id.*). It has also been held that respondents in RPTL article 7 tax proceedings who do not answer—and, thus, have not formally raised any objections— are not bound by the rule that requires a party objecting to personal jurisdiction to move for dismissal on that ground within 60 days of raising an objection in the answer (*see Matter of Village Sq. of Penna v Semon*, 290 AD2d 184, 186-187 [2002], *lv dismissed* 98 NY2d 647 [2002]).

Thus, respondent's motion to dismiss, though raised well after the time an objection to personal jurisdiction would be required outside of the RPTL article 7 context, cannot be denied simply on that basis, absent a finding of prejudice. We are confronted, therefore, with the questions of whether respondent took any actions which amounted to a voluntary submission to Supreme Court's jurisdiction before it moved to dismiss, thereby waiving the defense of personal jurisdiction, or whether petitioner had been prejudiced by respondent's lengthy delay in moving to dismiss the proceeding.

In *Parrotta v Wolgin* (245 AD2d at 873), a claims representative "evidently acting on [the] defendants' behalf, contacted [the] plaintiff's counsel on several occasions, requesting extensions of time to answer (which were granted) and seeking discovery of medical reports, names of witnesses and the date of the incident" (*id.*). Under those circumstances, we agreed with Supreme Court that "[t]his conduct . . . constituted an 'informal appearance' sufficient to preclude entry of a default judgment against [the] defendants" (*id.*). We nevertheless granted the defendants' motion to dismiss, holding that because the informal appearance occurred before the defendants' time to answer had expired, it did not deprive them of the right to object to jurisdiction.

Here, we hold that respondent engaged in significant activity after its statutory time to answer had expired, amounting to an informal appearance. By letter to Supreme Court dated January 16, 2006,[3] after the parties had exchanged preliminary appraisals, respondent specifically sought an order from the court establishing a date for final appraisals to be filed with the court. On January 6, 2006, new counsel for respondent advised the court that they had been retained to appear on behalf of respondent.

Although no clear rule exists as to when a letter will constitute an appearance by a party, one factor to consider is whether the letter "discusses the merits of the action and which asks [for] or consents to action by the court" (*Matter of Katz*, 81 AD2d 145, 147 [1981], *affd for reasons stated below* 55 NY2d 904 [1982]). Where a letter reflects that "respondent clearly indicated a desire to participate in the proceedings without jurisdictional objection," it has been held that a letter, even standing alone, can constitute an appearance (*Matter of Hauger v Hauger*, 275 AD2d 953, 954 [2000]; *see Cohen v Ryan*, 34 AD2d 789, 790 [1970] [letter from a defendant to the plaintiff requesting an extension of time held to constitute an appearance sufficient to avoid a default judgment]; *but see Matter of Kimball*, 155 NY 62, 69-71 [1898], *writ of error dismissed* 174 US 158 [1899] [substantive letter deemed not an appearance]; *Agway, Inc.—Dansville Store v Curtis*, 195 AD2d 1077, 1077 [1993] [letters requesting itemized statement of account not an appearance]).

On the record before us, we conclude that respondent's participation in pretrial conferences and settlement discussions during this proceeding for well over a year beyond the time an answer would have been required and, in particular, respondent's letter requesting formal action by Supreme Court, amounts to sufficient activity to warrant a finding that respondent had acknowledged the jurisdiction of the court without preserving its objection based on improper service (*see Page v Marusich*, 30 AD3d 871, 873 [2006]; *Matter of Home Mut. Ins. Co. v Springer*, 130 AD2d 493, 493 [1987]; *Matter of Rizika v Board of Assessors of Vil. of Herkimer*, 62 Misc 2d 774, 776 [1970]; *see also Matter of Fry v Village of Tarrytown*, 89 NY2d at 720 n 2). Significantly, respondent waited 19 months prior to objecting to the court's jurisdiction (*see Matter of North Country Hous. v Board of Assessment Review for Vil. of Potsdam*, 298 AD2d 667, 669 [2002]). Moreover, petitioner was prejudiced by

---

**3.** Although the letter is actually dated January 16, 2005, it is clear from its content that it was written on January 16, 2006.

respondent's lengthy delay in that respondent's apparent acquiescence to the service methodology utilized by petitioner here failed to alert petitioner to take different steps to effect service in the 2005 proceeding.

Mercure, J.P., Peters, Carpinello and Mugglin, JJ., concur. Ordered that the order is reversed, on the law and the facts, without costs, and motion denied.