■ MICHAEL D. CARLIN, Appellant, v LARISSA CARLIN, Respondent. [861 NYS2d 74]—

In an action for a divorce and ancillary relief, the plaintiff appeals from stated portions of an order of the Supreme Court, Kings County (Krauss, J.), dated August 1, 2007, which, inter alia, denied that branch of his motion dated April 26, 2007, which was for summary judgment on certain issues based upon the parties' prenuptial agreement, denied those branches of his motions dated January 1, 2007, and April 26, 2007, respectively, which were for leave to enter a judgment against the defendant upon her purported default in appearing, and denied that branch of the plaintiff's motion dated October 10, 2006, and his

motions dated February 12, 2007, and April 12, 2007, respectively, which were for temporary custody of the parties' children.

Ordered that the order is modified, on the law, (a) by deleting the provision thereof denying that branch of the motion dated April 26, 2007, which was for summary judgment based upon the parties' prenuptial agreement, and (b) by deleting the provisions thereof denying that branch of the motion dated October 10, 2006, and the motions dated February 12, 2007, and April 12, 2007, respectively, which were for temporary custody of the subject children; as so modified, the order is affirmed insofar as appealed from, with costs to the respondent, and the matter is remitted to the Supreme Court, Kings County, for a hearing concerning the validity and enforceability of the parties' prenuptial agreement and an immediate hearing on the issue of temporary custody of the subject children and a new determination, and those portions of a subsequent order of the same court (Adams, J.), dated March 4, 2008, which, upon reargument, granted those branches of the plaintiff's prior motions which were for leave to enter a default judgment against the defendant are vacated; and it is further,

Ordered that pending the hearing and new determination, temporary custody of and visitation with the subject children shall be continued as set forth in the orders of the Supreme Court, Kings County, dated April 12, 2007 and May 3, 2007, respectively.

As a general rule, while temporary custody may be properly fixed without a hearing where sufficient facts are shown by uncontroverted affidavits, it is error as a matter of law to make an order respecting custody, even in a pendente lite context, based on controverted allegations without having had the benefit of a full hearing (see Coon v Coon, 29 AD3d 1106, 1109 [2006]; Hizme v Hizme, 212 AD2d 580, 580-581 [1995]; Robert C.R. v Victoria R., 143 AD2d 262, 264 [1988]; Biagi v Biagi, 124 AD2d 770 [1986]). Here, where there are controverted allegations, the Supreme Court should not have decided the plaintiff's motion for temporary custody of the parties' children without first holding a hearing. A hearing should be held immediately so that a proper determination can be made as to what temporary custody arrangement will serve the best interests of the children.

A hearing should also be held concerning the validity and enforceability of the parties' prenuptial agreement (see e.g. Kessler v Kessler, 33 AD3d 42, 43 [2006]).

Finally, although the defendant failed to timely file an answer,

she, among other things, opposed the plaintiff's numerous motions, interposed cross motions, and appeared and participated at a preliminary conference. Accordingly, especially given the liberal approach adopted by the courts in matrimonial actions which favors dispositions on the merits (*see Pierre v Pierre,* 298 AD2d 511, 512 [2002]), the defendant made an informal appearance in the action and is therefore not in default (*see Rubenstein v Manhattan & Bronx Surface Tr. Operating Auth.,* 280 AD2d 312, 313 [2001]; *Ambers v C.T. Indus.,* 161 AD2d 256, 256-257 [1990]; *Borak v Karwowski,* 151 AD2d 454, 455 [1989]). Rivera, J.P., Covello, Angiolillo and McCarthy, JJ., concur.