■ CITY OF NEWBURGH, Respondent, v 96 BROADWAY LLC et al., Appellants. [897 NYS2d 720]—

In an action, inter alia, to compel the defendants to restore their property to its former appearance, the defendants appeal (1) as limited by their brief, from stated portions of an order of the Supreme Court, Orange County (Owen, J.), dated May 28, 2008, which, inter alia, denied those branches of their cross motion which were to dismiss the complaint insofar as asserted against the defendant 96 Broadway, LLC, pursuant to CPLR 3211 (a) (8) for lack of personal jurisdiction and insofar as asserted against the defendant Douglas Dollinger pursuant to CPLR 3211 (a) (7) for failure to state a cause of action, and for disclosure pursuant to CPLR 3102 (c); (2) as limited by their brief, from so much of an order of the same court dated July 15, 2008, as granted the plaintiff's motion pursuant to CPLR 3215 for leave to enter a default judgment against them and denied that branch of their cross motion which was, in effect, to excuse the default or to deem them as having appeared in the action; and (3) a judgment of the same court entered October 23, 2008, which, upon the orders, is in favor of the plaintiff and against them.

Ordered that the appeals from the orders are dismissed; and it is further,

Ordered that the judgment is reversed, on the law, the plaintiff's motion pursuant to CPLR 3215 for leave to enter a default judgment against the defendants is denied, that branch of the defendants' cross motion which was to deem them as having appeared in the action is granted, the order dated July 15, 2008, is modified accordingly, and the matter is remitted to the Supreme Court, Orange County, for further proceedings in accordance herewith, including the filing of an answer; and it is further,

Ordered that one bill of costs is awarded to the defendants.

The appeals from the intermediate orders must be dismissed

because the right of direct appeal therefrom terminated with the entry of judgment in the action (see Matter of Aho, 39 NY2d 241, 248 [1976]). The issues raised on the appeals from those orders are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501 [a] [1]).

Contrary to the Supreme Court's conclusion, the defendants did not default in appearing. After the action was commenced in June 2007, the defendants twice appeared in court, filed a petition to remove the action to federal district court, entered into a stipulation with the plaintiff, and opposed the plaintiff's motion to hold them in contempt. By these acts, the defendants appeared in the action and, thus, should not have been deemed in default (see Carlin v Carlin, 52 AD3d 559, 560-561 [2008]; Matter of Sessa v Board of Assessors of Town of N. Elba, 46 AD3d 1163 [2007]; Rubenstein v Manhattan & Bronx Surface Tr. Operating Auth., 280 AD2d 312 [2001]; Parrotta v Wolgin, 245 AD2d 872 [1997]; Quinn v Booth Mem. Hosp., 239 AD2d 266 [1997]; Ambers v C.T. Indus., 161 AD2d 256 [1990]; Taylor v Taylor, 64 AD2d 592 [1978]).

The defendant Douglas Dollinger's contention that the complaint fails to state a cause of action as against him is without merit (see Matter of Morris v New York State Dept. of Taxation & Fin., 82 NY2d 135, 141 [1993]; John John, LLC v Exit 63 Dev., LLC, 35 AD3d 540, 541 [2006]).

The defendants' remaining contentions are either academic in light of our determination or without merit. Covello, J.P., Miller, Leventhal and Chambers, JJ., concur.