OPINION OF THE COURT
Jack M. Battaglia, J.
In this mortgage foreclosure action commenced on August 17, 2007, plaintiff seeks an order, among other things, granting judgment by default and an order of reference. The mortgaged property is located at 518 Georgia Avenue, Brooklyn; the mortgagor is defendant Pamala Butler. With a decision and order dated January 10, 2008, this court denied plaintiffs first ex parte application for the same relief, with leave to renew; and with a decision and order dated September 10, 2008, this court denied plaintiffs renewed application, again with leave to renew.
These denials were based in part on the court’s determining that plaintiff had not submitted sufficient “proof of the facts constituting . . . the default” (see CPLR 3215 [f]), because the affidavit of service on defendant mortgagor Pamala Butler did not establish prima facie that she was properly served. Specifically, on the second denial the court stated:
“In an order denying Plaintiff’s prior application for a default judgment and an order of reference, this Court pointed out that the affidavit of service on Pamala Butler describes ‘nail and mail’ service at 518 Georgia Avenue, the mortgaged premises, but does not assert that 518 Georgia Avenue was Ms. Butler’s ‘actual place of business, dwelling place or usual place of abode’ or ‘last known residence.’ {See CPLR 308[4].)
“In the instant renewed motion, Plaintiff attaches a new affidavit of service indicating that Pamala Butler was purportedly served by ‘nail and mail’ by affixing the summons and complaint on the door of Ms. Butler’s ‘usual place of abode.’ Prior to resorting to ‘nail and mail’ service, Plaintiff’s process server avers that he attempted personal service at Ms. Butler’s usual place of abode on Friday, August 17, 2007 at 3:15 pm; Monday, August 20, 2007 at *549 10:10 am; and Thursday, August 23, 2007 at 9:30 pm.
“ ‘CPLR 308(4) authorizes “nail and mail” service to be used only where personal service under CPLR 308(1) and (2) cannot be made with “due diligence”.’ (County of Nassau v Letosky, 34 AD3d 414, 415 [2d Dept 2006].) ‘The due diligence requirement of CPLR 308(4) must be strictly observed, given the reduced likelihood that a summons served pursuant to that section will be received.’ (Id. [quoting Gurevitch v Goodman, 269 AD2d 355, 355 (2d Dept 2000)].)
“Service under circumstances similar to those here was found insufficient to confer personal jurisdiction in O’Connell v Post (27 AD3d 630 [2d Dept 2006]) ‘[T]wo of the attempts at service occurred on weekdays during hours when it reasonably could have been expected that the defendant was either working or in transit to and from work.’ (See id., at 631.) And there is no indication that the process server made any ‘effort to determine [Ms. Butler’s] business address in order to attempt personal service thereat pursuant to CPLR 308(2) before resorting to “nail and mail” service.’ (Id.) (See also County of Nassau v Yohannan, 34 AD3d 620 [2d Dept 2006].) Indeed, a mortgagee would be expected to have a business address for its mortgagor.”
The instant motion was served in December 2008, with an initial return date of January 7, 2009. The motion was not heard, however, because the action was referred to the Foreclosure Settlement Conference Part for mandatory settlement conference proceedings pursuant to CPLR 3408, and the motion was “held in abeyance” pursuant to court rule (see Uniform Civ Rules for Sup Ct & County Ct [22 NYCRR] § 202.12-a [c] [7]).
Over the following four years, from January 2009 until March 2013, according to the case management database, the parties appeared 25 times in the Foreclosure Settlement Conference Part. With a directive dated March 15, 2013, the action and the pending motion were referred to this court, with an appearance scheduled for June 24 by administrative process over which the court had no control. On that date, 50 motions were scheduled, together with seven foreclosure conferences, making it impossible for the court to adequately address this action. The matter was adjourned to August 12.
*550 At the August 12 conference, Pamala Butler having appeared, as she had on June 24, the court suggested that, under the circumstances, it might serve the interests of both parties for plaintiff to conditionally withdraw its motion pending receipt of an answer from Ms. Butler. The court noted in particular Ms. Butler’s many appearances in the Foreclosure Settlement Conference Part. Plaintiffs counsel subsequently advised the court that plaintiff preferred to have the motion determined as submitted.
Subsequent case law confirms that this court correctly determined that, based upon plaintiffs submission on its first renewal motion, proper service on defendant mortgagor Butler had not been shown. (See Serraro v Staropoli, 94 AD3d 1083, 1085 [2d Dept 2012]; Prudence v Wright, 94 AD3d 1073, 1074 [2d Dept 2012]; JPMorgan Chase Bank, N.A. v Iancu Pizza, Ltd., 78 AD3d 902, 903 [2d Dept 2010]; see also McSorley v Spear, 50 AD3d 652, 653-654 [2d Dept 2008].) “What constitutes due diligence is determined on a case-by-case basis, focusing not on the quantity of the attempts at personal delivery, but on their quality.” (Id. at 653.)
On this second renewal, plaintiff submits an amended affidavit containing information pertaining to nail and mail service of Demetra D. Karamitsos, and a copy of a uniform residential loan application dated November 9, 2004 purportedly executed by defendant mortgagor Pamala Butler. Since the original affidavit of service was made by Ben Cohen, and this amended affidavit is based on information purportedly received from “deponent’s agent,” which is clearly hearsay and not shown to be admissible as evidence under any exception to the hearsay rule, it adds nothing to plaintiffs showing. In any event, the only reference to a search for a business address for Ms. Butler is to “a search of a database system” that “revealed no possible places of employment for the defendant Pamala Butler,” which, even if admissible, would have virtually no probative value.
As to the loan application, “the defendant’s [sic] listed her place of employment at the same address service was effectuated and she further noted that she was self-employed” (see off in support 1i 12). But there is no evidence that the loan application was provided to the process server, and nothing in the amended affidavit to suggest that the information contained therein in any way affected service. Moreover, information provided in 2004 would not satisfy the “due diligence” requirement three years later without further investigation.
*551 The court concludes, therefore, that “the service of the summons and complaint pursuant to CPLR 308 (4) was defective as a matter of law” (see Prudence v Wright, 94 AD3d at 1074; see also Gray v Giannikios, 90 AD3d 836, 837 [2d Dept 2011]; JPMorgan Chase Bank, N.A. v Iancu Pizza, Ltd., 78 AD3d at 903). But, “because improper service of the summons and complaint is a defense that may be waived,” sua sponte dismissal of the complaint would be inappropriate. (See Dupps v Betancourt, 99 AD3d 855, 856 [2d Dept 2012].)
The court has noted plaintiffs argument that “the defendant has appeared in this action as she filed a motion to dismiss with the court which has never been placed on the Court’s calendar”; and, “[t]herefore, it is clear the defendant is aware of the . . . foreclosure action and is actively participating in the same.” (Aff in support 1Í12.) No motion to dismiss appears in the court’s case management database, and defendant Butler does not refer to one in her opposition. Plaintiff offers no other factual basis for defendant Butler’s “appearance,” does not expressly contend that she has waived any jurisdictional defense, and cites no legal authority for any such contention. The court finds it both unnecessary and inappropriate to address the question. (See generally CPLR 320 [b]; Henderson v Henderson, 247 NY 428, 432 [1928]; Matter of Katz, 81 AD2d 145, 147-149 [2d Dept 1981], affd 55 NY2d 904 [1982]; Taveras v City of New York, 108 AD3d 614 [2d Dept, July 10, 2013]; Dyker Hgts. Home for Blind Children, Inc. v Stolitzky, 250 App Div 229, 230 [2d Dept 1937].)
But plaintiffs argument begs the question, if defendant Pamala Butler has appeared in the action, is she “in default” for purposes of entry of judgment by default? CPLR 320 (a) provides, “The defendant appears by serving an answer or a notice of appearance, or by making a motion which has the effect of extending the time to answer.” For the most part, case law is clear that, where a defendant makes an “informal appearance” within the time specified by CPLR 320 (a), the defendant is not “in default,” and a motion to enter judgment by default should be denied. (See Jeffers v Stein, 99 AD3d 970, 971 [2d Dept 2012]; Stewart v Raymond Corp., 84 AD3d 932, 933 [2d Dept 2011]; Parrotta v Wolgin, 245 AD2d 872, 873 [3d Dept 1997]; Cohen v Ryan, 34 AD2d 789 [2d Dept 1970]; see also Meyer v A & B Am., 160 AD2d 688, 688 [2d Dept 1990]; but see U.S. Bank N.A. v Slavinski, 78 AÍD3d 1167, 1167 [2d Dept 2010] [dictum].)
There is also authority that at least suggests that, under some circumstances, an “informal appearance” after the expiration of *552 the time to answer or move specified in CPLR 320 (a) will preclude entry of judgment by default. (See City of Newburgh v 96 Broadway LLC, 72 AD3d 632, 633 [2d Dept 2010]; Carlin v Carlin, 52 AD3d 559, 560-561 [2d Dept 2008]; Ambers v C.T. Indus., 161 AD2d 256, 256-257 [1st Dept 1990]; Taylor v Taylor, 64 AD2d 592, 592 [1st Dept 1978]; see also Rubenstein v Manhattan & Bronx Surface Tr. Operating Auth., 280 AD2d 312, 313 [1st Dept 2001] [dismissal pursuant to CPLR 3215 (c)]; Baron & Gleich v Epstein, 168 AD2d 589 [2d Dept 1990].) Participation in court conferences can constitute an “informal appearance” for this purpose. (See Carlin v Carlin, 52 AD3d at 560-561; Rubenstein v Manhattan & Bronx Surface Tr. Operating Auth., 280 AD2d at 313; see also Matter of Sessa v Board of Assessors of Town of N. Elba, 46 AD3d 1163, 1166 [3d Dept 2007].)
The Second Department’s opinion in Carlin v Carlin (52 AD3d 559 [2008]) is most instructive here:
“[Although the defendant failed to timely file an answer, she, among other things, opposed the plaintiffs numerous motions, interposed cross motions, and appeared and participated at a preliminary conference. Accordingly, especially given the liberal approach adopted by the courts in matrimonial actions which favors dispositions on the merits . . . , the defendant made an informal appearance in the action and is therefore not in default.” (Carlin v Carlin, 52 AD3d at 560-561; see also Baron & Gleich v Epstein, 168 AD2d at 589 [“courts have a special interest in contracts between attorneys and clients”].)
Here, according to the court’s case management database, defendant Butler appeared 25 times in the Foreclosure Settlement Conference Part, appeared twice before this court after the action was released from that part, and has served opposition to plaintiff’s renewal motion. CPLR 3408 mandates settlement conference proceedings in residential mortgage foreclosure actions (see CPLR 3408 [a]), at which “[b]oth the plaintiff and defendant shall negotiate in good faith to reach a mutually agreeable resolution, including a loan modification, if possible” (see CPLR 3408 [f]). The clear and simple purpose of the settlement conference process is to keep people in their homes “if possible,” and thereby avoid the economic and social costs of foreclosure to individuals, families, and communities. Public policy in favor of disposition on the merits is at its strongest in residential foreclosure actions.
*553 The court concludes, therefore, that defendant Pamala Butler is not in default, and judgment by default may not be entered against her.
To the extent plaintiff seeks judgment by default against any defendant other than Pamala Butler, plaintiff submits no “proof of the facts constituting the claim” against any of them (see CPLR 3215 [f]).
Plaintiffs motion is denied.