New York City Housing Authority (Boulevard Houses), Respondent, 
against
Gregory Dancil, Appellant.




Goldberg, Scudieri & Lindenberg, P.C. (M. Brian Cronk, Esq.), for appellant.
NYCHA-Law Department (Hanh H. Le, Esq.), for respondent.

Appeal from a final judgment of the Civil Court of the City of New York, Kings County (Thomas M. Fitzpatrick, J.), entered August 4, 2015. The final judgment, after a nonjury trial, awarded possession to petitioner in a licensee summary proceeding.




ORDERED that the final judgment is affirmed, without costs.
Occupant Gregory Dancil's sister was the tenant of record in apartment 5B at 816 Ashford Street, Brooklyn, New York, a New York City Housing Authority residence also known as Boulevard Houses. When Dancil's sister vacated the apartment, occupant filed a remaining- family-member grievance with the New York City Housing Authority. After the grievance was denied, petitioner commenced this licensee summary proceeding on October 17, 2013, and occupant appeared in the matter on November 7, 2013. The proceeding was adjourned several times over the course of more than a year pending the outcome of occupant's challenge, pursuant to CPLR article 78, of his remaining-family-member grievance. After the Appellate Division, First Department, dismissed the article 78 proceeding, a nonjury trial commenced in this summary proceeding. At the trial, petitioner submitted the affidavits of service and petitioner's witness testified that occupant had been served with the 10-day notice to quit and notice of petition and petition. Occupant did not ask any questions or present any evidence. The court ruled in favor of petitioner, and a final judgment was thereafter entered awarding possession to petitioner. On appeal, occupant contends that the court lacked personal jurisdiction over him because the affidavit of service of the notice of petition and petition was defective.
A defendant may waive the issue of lack of personal jurisdiction by appearing in an action, either formally or informally, without raising the defense of lack of personal jurisdiction in an answer or pre-answer motion to dismiss (see Cadlerock Joint Venture, L.P. v Kierstedt, 119 AD3d 627 [2014]). On the record before us, we conclude that occupant's failure to raise a defense of lack of jurisdiction in either an answer or a pre-answer motion to dismiss, his participation in the pretrial adjournments during the proceeding for well over a year and, in particular, his participation in the trial, are sufficient to warrant a finding that occupant acknowledged the jurisdiction of the court without having preserved his objection based on [*2]improper service (see Matter of Sessa v Board of Assessors of Town of N. Elba, 46 AD3d 1163 [2007]; Rubino v City of New York, 145 AD2d 285 [1989]).
Accordingly, the final judgment is affirmed.
Weston, J.P., Solomon and Elliot, JJ., concur.
Decision Date: April 14, 2017